

**ORDERED in the Southern District of Florida on September 12, 2024.**

**Corali Lopez-Castro, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

| | |
|---|---|
| In re:<br>PROFUNDITY LLC<br>NABOO ROYAL CRUISER LLC<br><br>    Debtors.<br>_____/ | Chapter 11<br>Case Nos.   23-16720-CLC<br>                  23-16725-CLC<br>                  (Jointly Administered) |

**ORDER CONFIRMING (I) DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (ECF #612) AND (II) GRANTING RELATED RELIEF**

This cause came before the Court in Miami, Florida on August 28, 2024, at 10:00 am (the "Confirmation Hearing") to consider confirmation of the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation (ECF #612) (the "Amended Plan") which was filed by Debtors Profundity LLC ("Profundity") and Naboo Royal Cruiser LLC ("Naboo"), the Debtors and Debtors-In-Possession (the "Debtors" and "Proponents"). The Confirmation Hearing[1] was scheduled pursuant to this Court's Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various

---

[1] Any capitalized term not defined herein shall have the same meaning as ascribed to it in the Amended Plan.

Deadlines; and (V) Describing Plan Proponent's Obligations entered on July 2, 2024 (ECF #489) (the "Scheduling Order"). During the Confirmation Hearing, this Court also considered Debtors' Emergency Motion by Debtors for Entry of an Order Approving, if Necessary, Non-Material Modifications of Plan (ECF #615), which was granted by this Court and the subject of a separate order (ECF #635).

Debtors request confirmation of the Amended Plan pursuant to Sections 1129(a) and (b) of the Bankruptcy Code. Unless otherwise stated, or where the context requires a different interpretation, capitalized terms used in this Order will correspond to the defined terms in the Amended Plan or the Amended Joint Disclosure Statement in support of Joint Chapter 11 Plan of Liquidation (ECF #458)(the "Disclosure Statement"), as applicable.

The Scheduling Order set August 14, 2024 as the deadline for filing objections to confirmation of the Amended Plan ("Confirmation"). No objections were timely filed. No objections were asserted at the August 28, 2024 Confirmation Hearing. For the avoidance of doubt, any and all objections to the Amended Plan are overruled.

At the Confirmation Hearing, the Court had before it the entire record of this Bankruptcy Case, the evidence and representations presented by Debtors in support of confirmation of the Amended Plan including, among other things, the Confirmation Affidavit of Eugene Kesselman (ECF #605). The Court has considered the arguments of counsel at the Confirmation Hearing and all other germane matters of record before the Court in the Bankruptcy Case. Based on the foregoing, and pursuant to Federal Rules of Bankruptcy Procedure 2002, 3017, 3018, 3019, 3020, 6004, 6006, 7052 and 9014, and all applicable provisions of the Bankruptcy Code, the Court hereby finds and concludes as follows:

A. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and (N).

B. The Debtors' Joint Chapter 11 Plan of Liquidation (ECF #376) and Scheduling Order (ECF # 489) were served on all creditors and parties in interest in accordance with the Scheduling Order. (ECF #504). All Creditors and holders of Interests also had sufficient notice of the Second Amended Joint Chapter 11 Plan of Liquidation (ECF #612).

C. All Creditors and holders of Interests received due and sufficient notice of the Confirmation Hearing, and were afforded an opportunity to (1) vote to accept or reject the plan, except to the extent they are deemed to have accepted or rejected the plan or (2) object thereto. The solicitation of acceptances of the Amended Plan complied with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and all applicable non-bankruptcy law and, pursuant to the

D. Under the Amended Plan, Classes 1, 2, 4, and 5 are impaired and entitled to vote. Classes 1, 2, and 4 voted to accept the Amended Plan. Class 3 was deemed to have accepted the Amended Plan. Class 5 did not have any votes cast. Classes 6 and 7 were deemed to have rejected the Amended Plan. No Class voted to reject the Amended Plan.

E. The Amended Plan complies with all applicable provisions of Section 1129(a) of the Bankruptcy Code. The Amended Plan also complies with Section 1129(b) of the Bankruptcy Code. More specifically:

    i) the Amended Plan satisfies Sections 1129(a)(1), (2) and (3) of the Bankruptcy Code in that the Amended Plan complies with the applicable provisions of the Bankruptcy Code, and the Amended Plan has been proposed in good faith and not by any means forbidden by law;

3

ii) the Amended Plan satisfies Section 1129(a)(4) of the Bankruptcy Code in that the Court retains jurisdiction to determine the reasonableness of any compensation to be paid by Debtors for services or costs and expenses in connection with the Bankruptcy Case;

iii) Section 1129(a)(5) of the Bankruptcy Code is not applicable because the Debtors' Amended Plan is one of liquidation and will not operate after the Effective Date except to winddown its affairs pursuant to the Amended Plan and this Order;

iv) Section 1129(a)(6) of the Bankruptcy Code is not applicable as there are no governmental regulatory commissions with jurisdiction over the rates of Debtors;

v) the Amended Plan satisfies Section 1129(a)(7) of the Bankruptcy Code in that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class (i) has accepted the Amended Plan or (ii) will receive or retain under the Amended Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if Debtor were liquidated under Chapter 7 of the Bankruptcy Code;

vi) the Amended Plan satisfies Section 1129(a)(8) of the Bankruptcy Code because each class of creditors either voted to accept the Amended Plan,

        were deemed to have voted to accept the Amended Plan, were not impaired under the Amended Plan, or retained their interest under the Amended Plan;

vii)    the Amended Plan satisfies Section 1129(a)(9) of the Bankruptcy Code in that the Amended Plan provides appropriate treatment with respect to each claim of a kind specified in Sections 507(a)(1)-507(a)(8) of the Bankruptcy Code;

viii)   the Amended Plan satisfies Section 1129(a)(10) of the Bankruptcy Code in that at least one class of Claims that is impaired under the Amended Plan has accepted or has been deemed to have accepted the Amended Plan, without including any acceptance of the Amended Plan by any insider (as defined in 11 U.S.C. § 101(31));

ix)    the Amended Plan satisfies Section 1129(a)(11) of the Bankruptcy Code as confirmation is not likely to be followed by liquidation or further financial reorganization, as the Amended Plan is a plan of organized liquidation;

x)    the Amended Plan satisfies Section 1129(a)(12) of the Bankruptcy Code as the Amended Plan provides for payment of all fees payable under 28 U.S.C. § 1930 upon the Distribution Dates;

xi)    Section 1129(a)(13) of the Bankruptcy Code is not applicable as Debtors are not obligated to pay any retiree benefits;

xii)   Section 1129(a)(14) of the Bankruptcy Code is not applicable as Debtors are not required to pay a domestic support obligation;

xiii)  Section 1129(a)(15) of the Bankruptcy Code is not applicable because the Debtors are not individuals;

xiv) Section 1129(a)(16) of the Bankruptcy Code is satisfied as all transfers contemplated by the Amended Plan are in accordance with nonbankruptcy law; and

xv) Debtors have requested that the Amended Plan be confirmed pursuant to Section 1129(b)(1) of the Bankruptcy Code. The Amended Plan does not discriminate unfairly and is fair and equitable with respect to each Class of claims and interests.

F. The Court has also reviewed, among other things, the Debtor's Expedited Motion for Entry of an Order Approving Proposed Sale of Aircraft Free and Clear of All Liens, Claims, Encumbrances, and Interests and to Pay Fees and Costs Associated with Same on Shortened Notice (ECF No. 603) (the "Sale Motion"). The Sale Motion has been considered in connection with the Confirmation of Debtors' Amended Plan and was granted. (ECF #636).

G. The Amended Plan is being funded through (1) cash on hand on the Distribution Date; and (2) sale proceeds from the sale which is the subject of the Sale Motion (the "Sale").

Accordingly, the Court having made the foregoing findings of fact and conclusions of law and based upon the presentation of evidence and the record, it is

**ORDERED** as follows:

1. The Amended Plan is **CONFIRMED** in all respects pursuant to Section 1129 of the Bankruptcy Code, and all of its terms and provisions are approved.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed,

and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the terms and provisions of the Amended Plan are **APPROVED**.

4. The provisions of the Amended Plan and this Confirmation Order are binding on the Debtors, each creditor, and every other interested party.

5. Pursuant to Article IX of the Amended Plan, except as otherwise expressly provided in the Amended Plan:

> Except as otherwise provided in the Plan or the Plan Confirmation Order, from and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims or rights giving rise to any equitable relief against the Assets or any Equity Interests in the Debtors arising prior to the Effective Date are permanently enjoined from taking any of the following actions against the Estates, or any of their respective property or Assets (collectively, the "Estate Assets") on account of any such Claims or Equity Interests: (a) commencing or continuing, in any manner or in any place, any action or proceeding seeking to collect or to recover in any manner against, or assert control or dominion over, the Estate Assets; (b) enforcing, attaching, collecting, or recovering in any manner against the Estate Assets, any judgment, award, decree or order; (c) creating, perfecting, or enforcing any Lien or encumbrance against the Estate Assets; (d) asserting recoupment unless such recoupment was formally asserted in a timely Filed proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Plan Confirmation Order (notwithstanding any indication in any proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment) or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with or with respect to any such Claims or Interests discharged, released, exculpated, or settled pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan; provided, however, that such Persons and Entities shall not be precluded from exercising their rights under and consistent with the terms of the Plan, or the Plan Confirmation Order.

6. The release, exculpation, injunction, and indemnification provisions contained in the Amended Plan including, without limitation, those set forth in Article IX of the Amended Plan, are expressly incorporated into this Confirmation Order as if set forth in full and are hereby

authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

7. This Confirmation Order is binding upon and governs the acts of all persons or entities, including, without limitation, all filing agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.

8. Debtors are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that are necessary or appropriate to implement and effectuate the Amended Plan, this Confirmation Order and the Sale, including without limitation, any assignments, releases, sale documents, affidavits and similar documents required pursuant to the Amended Plan.

9. The failure specifically to include any particular provision of the Amended Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court and the Debtors, that the Amended Plan and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Confirmation Order before the Effective Date.

10. The Post-Confirmation Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930 (a)(6) within 10 days of the entry of this order for pre-confirmation periods and simultaneously file with the Court monthly operating reports indicating the cash disbursements for the relevant period. Thereafter, unless this Court orders otherwise, the Debtors shall file quarterly post-confirmation reports with the Court indicating cash disbursements for the relevant period and further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), until the earlier of the closing of this case by the issuance of a

Final Decree by the Court, or an order administratively closing the estate, or upon the entry of an order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

11. The Court shall retain jurisdiction as provided in the Amended Plan, including without limitation, jurisdiction to award professional fees and reimbursement of costs for any periods prior to confirmation of the Amended Plan to the extent not awarded at the Confirmation Hearing and to determine any disputes arising under the Amended Plan and this Confirmation Order and to determine objections to claims.

12. The Court shall specifically retain jurisdiction to enter any such order as is reasonably requested by the Debtors to effectuate the Sale contemplated by the Sale Motion. Any sale which closes <u>after</u> the Effective Date, and the Sale contemplated by the Sale Motion, may not be taxed under any law imposing a stamp or similar tax as provided by 11 U.S.C. § 1146(a).

13. Any and all sales or other transfers pursuant to this Amended Plan shall be made consistent with Florida Administrative Code 12B-4.014(15).

14. The Sale Motion is approved in its entirety.

15. The provisions of this Confirmation Order are non-severable and mutually dependent.

16. This Confirmation Order shall be effective immediately upon its entry and, in accordance with Federal Rules of Bankruptcy Procedure 3020(e), 6004(h) and 6006(d) this Confirmation Order shall not be stayed. Notwithstanding the foregoing, the Effective Date of the Amended Plan shall not occur unless and until the conditions set forth in Section X of the Amended Plan, including the closing of the Sale, have been satisfied or waived pursuant to Section X(D) of the Plan.

17. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Amended Plan. Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Amended Plan and this Confirmation Order.

18. The Debtors are hereby authorized to execute, deliver, file or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Amended Plan.

19. There shall be a post-confirmation status conference in this case held on **October 31, 2024, at 1:30 pm.** at the C. Clyde Atkins U.S. Courthouse, 301 N Miami Avenue, Courtroom 7, Miami, FL 33128

# # #

Submitted by:
EDELBOIM LIEBERMAN PLLC
Brett D. Lieberman
2875 NE 191st St.
Penthouse One
Miami, FL 33180
Fax No.:  305-928-1114
Email:  brett@elrolaw.com

*Attorneys for Debtors*
Copies to:
All Parties on the attached Service List
*(Attorney Lieberman shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*